# Supreme Court of Texas

No. 21-0262

Don Zimmerman,

*Petitioner*,

v.

City of Austin; and Spencer Cronk, in his Official Capacity as
City Manager of the City of Austin,

*Respondents*

On Petition for Review from the
Court of Appeals for the Eighth District of Texas

**PER CURIAM**

In September 2019, the City of Austin approved a budget for its upcoming fiscal year that allocated $150,000 to fund entities "providing or facilitating logistical and support services for Austin residents seeking abortion care." The next day, Don Zimmerman, an Austin resident, sued the City and its City Manager,[1] alleging that "providing taxpayer money to abortion-assistance organizations" violated Texas law. Zimmerman asserted that Article 4512.2 of the Revised Civil

---

[1] We refer to defendants collectively as "the City."

Statutes was never repealed by the Legislature and remained enforceable despite *Roe v. Wade*, 410 U.S. 113 (1973).[2]

Zimmerman separately alleged that the City's allocation violates the Gift Clause in Article III, Section 52(a) of the Texas Constitution.[3] Zimmerman sought a declaration that the proposed expenditures violate Texas law and the Constitution, as well as an injunction prohibiting the City from making these expenditures in the future and requiring the City to "claw back" all expenditures already made.

The City filed a plea to the jurisdiction. It argued that (1) Zimmerman, a private citizen, lacks standing to sue to enforce a criminal statute, and (2) *Roe* rendered Article 4512.2 void and without effect. The City also argued that Zimmerman's claim under the Gift Clause is not ripe because no expenditure from the fund has been made

---

[2] Article 4512.2 states: "Whoever furnishes the means for procuring an abortion knowing the purpose intended is guilty as an accomplice." TEX. REV. CIV. STAT. art. 4512.2. The preceding subsection, Article 4512.1, states that any person who "procure[s] an abortion" shall be subject to criminal punishment. *Id*. art. 4512.1.

[3] The Gift Clause states:

Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company. However, this section does not prohibit the use of public funds or credit for the payment of premiums on nonassessable property and casualty, life, health, or accident insurance policies and annuity contracts issued by a mutual insurance company authorized to do business in this State.

TEX. CONST. art. III, § 52(a).

2

to any organization. Finally, the City contended that Zimmerman's claims should be dismissed because the City is not a proper party and because Zimmerman's request for an injunction to "claw back" expenditures is an impermissible claim for retroactive relief.

Following a hearing, the trial court granted the City's plea to the jurisdiction without explaining its reasons. It dismissed with prejudice Zimmerman's claim that the City's budget violates Texas law, and it dismissed without prejudice Zimmerman's claim that the budget violated the Gift Clause.

Zimmerman appealed, and the court of appeals affirmed. 620 S.W.3d 473 (Tex. App.—El Paso 2021). Zimmerman then petitioned this Court for review. We requested briefs on the merits; after briefing was complete, the United States Supreme Court issued its opinion in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). We asked the parties for supplemental briefing on the effect of *Dobbs* on this appeal. The City responded, contending that Zimmerman's main issue—whether Article 4512.2 was enforceable after *Roe*—is now moot. The City thus argues that we should dismiss the case or, alternatively, remand to the trial court. Zimmerman, for his part, argues the appeal is not moot because he seeks costs and attorney's fees under the Uniform Declaratory Judgments Act.

The court of appeals relied on the Supreme Court's holding in *Roe* to conclude that Zimmerman's claim could not proceed. *See* 620 S.W.3d at 486. As *Dobbs* has now overruled *Roe*, we conclude the best approach is to vacate the lower courts' judgments and remand the case to the trial court to address in the first instance the effect of this change in the law—

3

and the effect of any intervening factual developments—on Zimmerman's claims. *See* TEX. R. APP. P. 60.2(f). The court should also address the City's contention that the case is now moot.

Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant Zimmerman's petition for review without regard to the merits, vacate the judgments of the court of appeals and the trial court, and remand the case to the trial court for further proceedings.

**OPINION DELIVERED:** December 30, 2022